In the matter of the Petition of BRIDGET BOYLE for a
Writ of *Habeas Corpus*, &c.

CERTIORARI TO MUNICIPAL JUDGE, MILWAUKEE COUNTY.

Heard August 19 ]                    [Decided August 20, 1859.

*Constitutional Law—Laws General and Private—Publica-
tion of Laws—Officers.*

The act establishing the municipal court in the city of Milwaukee, is a gen-
eral law, and could not be in force until published.

If a general law was published in the volume of private laws, it was in force
after such publication, and its non-publication in the volume of general
laws arising out of an improper classification of it, does not defeat its oper-
ation.

After the law to establish the municipal court in the city of Milwaukee went
into force, the offices of judge and clerk of said court were legal offices; and
although at the time of their election the law was not in force, yet an elec-
tion having been held, and these officers declared elected, and they having
entered upon the actual discharge of the duties, were, after the law took
effect by publication, officers *de facto;* and their right to hold the offices can-
not be inquired into collaterally in this proceeding.

The certificate of the Secretary of State, annexed to the volume of " Private
Laws of 1859," being dated on the 29th day of June, and he only being au-
thorized to make such certificate, after the publication of the laws is com-
pleted, the court will, at least, in the absence of any allegation or proof to
the contrary, hold the act to have been in force from that date.

This case was brought before this court by a *certiorari* to
the county judge, to reverse an order made by him upon a
proceeding in *habeas corpus*, releasing the relator from im-
prisonment. Bridget Boyle had been tried and convicted in
the municipal court of the city of Milwaukee, for assault and
battery, and fined one dollar with costs; and had been com-
mitted to jail for non-payment of the fine. The petition then
set forth that the judge and clerk of the court had not been
duly elected; because, at the time of their election the act
creating the municipal court had not been published, as re-

In re Boyle.

quired by the constitution ; and, therefore, her commitment was illegal.

The case was decided on the 20th of August, 1859, PAINE, J., then filing what is given above as the syllabus. The opinion was afterwards written out and filed in this case.

*D. Corson,* District Attorney for Milwaukee county, for the respondent.

*John L. Doran,* for petitioner.

*By the Court,* PAINE, J. The petitioner was convicted of an assault and battery before the municipal court of the city of Milwaukee, and committed to jail. She sued out a writ of *habeas corpus* before the county judge, who discharged her on the ground that the act establishing the municipal court, was a general law, and had never been in force for want of publication. The matter is brought before this court by *certiorari.*

We think the act in question was a general law, within the provision of the constitution, that " no general law shall be in force until published." And in support of that opinion,we shall only refer to the remarks upon that subject in the *Iowa county seat case,* and in the case of *Clark vs. Janesville,* both decided at this term ; and the latter opinion having been writ ten sometime after the argument of this case.

On the hearing before the county judge, it was admitted by the demurrer that the act had never been published at the time of the election of the judge and clerk of the municipal court, and that it was not published in the volume of General Laws of 1859. No question seems to have been made as to its publication in the private laws of that year, nor as to the effect of such publication. But on examination it is found to have been published among the private laws, and the question then arises, whether such publication renders the act operative.

We think it does. Although not properly classified, it was

still published by the proper officers, and under the authority
of law.   And we think the mistake of those officers in plac-
ing it in a class of laws where it did not properly belong, does
not prevent its publication there from being such a one as
gives it validity.   Such a mistake is very liable to occur.   The
question whether a law is a public or private law, is frequent-
ly quite difficult to determine, and has often been the subject
of serious doubt in courts.   When, therefore, the statute re-
quires a classification to be made by ministerial officers, we
think it would be proceeding upon too strict principles to say
that where the act is otherwise properly published, a mere
mistake in its classification should defeat its operation.   The
constitution makes its validity depend on its publication, not
on its proper classification.   And although we held in the
*Iowa county seat case*, that the publication must be under
the authority of law, yet, we there held that the laws prescrib-
ing the manner and detail of it, were, to a certain extent, di-
rectory merely, and that a literal compliance with them in
every respect, was not essential to give the act validity.   And
these provisions concerning their classification, we think, are
of such a directory character.

The certificate of the Secretary of State, appended to the
Private Laws of 1859, bears date on the 29th day of June ;
and without determining whether this should be adopted in
all cases, as the date of publication of the volume, we have
concluded so to adopt it in all cases where there is no allega-
tion, or suggestion, which might render a further, or more ac-
curate inquiry necessary.   We hold the act in question, there-
fore, to have been in force from that date.

And without determining what effect this would have upon
the title of the judge or clerk of that court to their respective
offices, in a direct proceeding to test their right, yet an elec-
tion having been held, and they elected, and having entered
upon the actual exercise of the duties of the offices, we think

after the law became operative, so that the offices were legal, they were officers *de facto*, and that their right to hold the offices cannot be inquired into in a collateral proceeding of this kind. It is not an inquiry into the jurisdiction of the court, which may always be inquired into; it is an inquiry into the right of the judge to hold his office, which is a question entirely distinct from that of the jurisdiction of the court over the offence.

Neither do we say that it cannot be inquired into on *habeas corpus*, whether the officer sentencing a prisoner was an officer *de facto*. That inquiry might, undoubtedly, be made. Because, every person assuming to exercise the authority of an officer, does not thereby necessarily make himself an officer *de facto*. But when it appears that the person exercising the powers of an office, is in by such a color of right, and that he has such possession of the office as makes him in law an officer *de facto*, then his acts, as to third persons, are valid, and his right to hold the office can only be inquired into in some direct proceeding for that purpose; and such, it appears, was the character of the officers here. And the trial and conviction of the petitioner having occurred after the law was in force, we think she cannot, on *habeas corpus*, raise the question of the strict legal right of the judge to hold the office. And our conclusions upon this point, we think, is fully sustained by the following cases, *Fowler vs. Beebee*, 9 Mass., 231; *Commonwealth vs. Fowler*, 10 Mass., 305; *Case vs. The State*, 5 Ind., 1; *The State vs. Williams*, 5 Wis., 308.

The order of the county judge, discharging the petitioner, is reversed.