State vs. Bloom.

---

STATE vs. BLOOM.

Where a party was indicted for a crime, tried, convicted and sentenced, at a term of a circuit court held by a person who exercised the office of judge of said court under an appointment by the governor made without authority of law, (there being another person entitled to exercise said office,) the sentence was nevertheless valid and binding.

Under section 21, ch. 158, R. S., a prisoner should not be absolutely discharged from imprisonment upon *habeas corpus*, although his commitment was irregular, if it appears from the evidence that he is guilty of the offense with which he is charged, but should merely be admitted to bail "if the case be bailable, and good bail be offered."

CERTIORARI to the County Judge of *Dodge* County.

At the May term of the circuit court for *Jackson* county, held by the Honorable Isaac E. Messmore, *William N. Bloom* was indicted for arson, and was tried, convicted and sentenced to confinement at hard labor in the state prison for five years. This court having adjudged that the appointment by the gov-

. ernor, under which Mr. Messmore exercised the office of circuit judge in said county, was made without authority of law, and that the Hon. Geo. Gale was entitled to hold and exercise said office, and having rendered judgment of ouster against Mr. Messmore, (14 Wis., 163,) said *Bloom*, on the 26th of August, 1863, applied to a court commissioner of Dodge county, for a writ of *habeas corpus* to discharge him from the custody of the state prison commissioner, alleging that the finding of said indictment, and the trial, conviction and sentence were illegal, on the ground that said Messmore had no authority to act as judge of said circuit court. The commissioner granted the writ, returnable before the county judge of Dodge county. Upon the hearing, the county judge found that the prisoner was not held by due process of law, and was entitled to his discharge; and ordered him to be discharged accordingly. The only question which arose at the hearing was, whether Mr. Messmore was *de facto* judge of said circuit court at the time when the proceedings against the prisoner were had : and the county judge held that he was not.

*By the Court*, COLE, J.   The only question presented by this record is, whether Judge Messmore was a *de facto* judge, so as to render his acts of trying and sentencing the defendant in error valid and binding.   This point has already been decided in the affirmative, in the case of *Bridget Boyle*, 9 Wis., 264. It is impossible to distinguish this case from the question involved in that case, and therefore the order of the county judge, discharging the defendant in error from imprisonment, must be reversed.

We deem it necessary and proper on this occasion to call the attention of officers authorized to inquire on *habeas corpus* into the cause of detention or imprisonment of a party, to section 21, chap. 158, R. S.   It will be seen that this section requires the officer, whenever the testimony shows that the person applying to be discharged has committed an offense, not to

discharge him absolutely, but to hold him to bail.    The general practice is to discharge the party absolutely whenever the commitment is irregular, although the evidence may be clear that he has committed a crime for which he should be tried and punished.    Under such circumstances the statute requires the officer to proceed to let such party to bail, if the case be bailable, "and good bail be offered," and not to discharge absolutely.    In this case, of course, the return showed that the imprisonment was lawful.    But cases frequently arise where the evidence clearly shows that the party has committed a criminal offense, and yet the officer releases him on account of some irregularity or defect in the warrant of commitment.    This is all wrong, and in direct violation of the plain and wholesome provisions of the statute.

The order of the county judge, discharging *Bloom* from imprisonment, is reversed.