KEMPSTER, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

| 97 | 343 |
|----|-----|
| 102 | 667 |

*October 4 — October 22, 1897.*

*Officers, residence as a qualification:* De facto *and* de jure *officers: Right to salary: City charter of Milwaukee.*

1. The provision of the charter of the city of Milwaukee, that the commissioner of health shall have resided in the city continuously for one year prior to his appointment, does not require that he shall have been physically present in that city during all that time, but it is sufficient that his domicile was there,— i. e. that he had there a place of residence with the concurring intention of residing there indefinitely. "Residence" in the charter means "domicile."

2. Where the incumbent of the office of health commissioner is wrongfully removed, and the vacancy can by the charter only be filled by appointment of the mayor and consent of the common council, an appointment by the mayor alone, without the consent of the council, of a person as acting commissioner, to perform the duties of that office, does not make that person an officer *de facto*. He is at best a mere intruder, and payment to him of the salary pertaining to the office does not relieve the city from liability to the officer *de jure*.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action to recover from the defendant city of *Milwaukee* a sum of money which plaintiff claims is due him on account of salary as health commissioner for said city.

The complaint shows that the charter of the city of *Milwaukee* provides for an office known as commissioner of health; that such office shall be filled by appointment by the mayor, with the approval of the common council; that the person so appointed, and whose appointment shall have been so approved, shall hold the office for the term of four years; that in case of a vacancy during the term it shall be filled in like manner for the unexpired term; that the commissioner of health shall have power, subject to confirmation by the council, to appoint such assistants as may be necessary for the proper discharge of his duties; that the annual salary of the commissioner is $2,500; that all such provisions of the charter referred to were in force during all the times mentioned in the complaint; that on the 30th day of April, 1894, plaintiff became the commissioner of health of said city, under the provisions of the charter referred to, for the full term of four years; that he immediately entered upon the discharge of the duties of his office, and continued to hold such office and discharge its duties until unlawfully ousted from such office in the manner stated in the complaint.

The complaint further shows that such proceedings were taken by the common council of the city, that on the 21st day of February, 1895, said council, without authority of law, dismissed plaintiff from his office; that on the 28th day of February thereafter, by order of the mayor of said city, plaintiff was forcibly ejected from his office by the police officers of the city, upon the pretense that he had been legally removed from office by action of the common council; that the proceedings of the council were removed, by writ of *certiorari*, to the circuit court for Milwaukee county, and on the 22d day of January, 1896, such proceedings were had in said circuit court, that the action of the common council in attempting to remove plaintiff from his office was adjudged to be without jurisdiction, unlawful, and void; that

thereupon, and on order of the circuit court, plaintiff was permitted to resume the duties of his office; that upon removal of plaintiff from his office in February, 1895, the mayor of the city appointed plaintiff's assistant as acting commissioner of health, and thereafter, till plaintiff was permitted to resume the performance of the duties of such office as stated, said acting commissioner of health, so called, performed the duties of commissioner of health, and was permitted to draw the salary attached to such office; that there is no authority in the charter for the appointment of an acting commissioner of health, and that during the time that plaintiff was excluded from his office it was not, in fact, filled by any other person.

The complaint further shows that the plaintiff, during all the time he was excluded from his office, was ready and willing to perform its duties, but was prevented therefrom by the officers of the city; that he never consented to the place being filled by his assistant or by anybody else. The complaint further sets forth facts entitling plaintiff to bring this action for the compensation due him for the time he was excluded from the office, the amount being $2,499.96, as stated in the complaint, if he had any valid claim in that regard existing against the city.

The defendant, for a defense, alleged that the condition of the city of *Milwaukee* was such that it was vitally necessary to have a person in the office of the commissioner of health, to perform its duties during the time that plaintiff was excluded therefrom, and that the mayor, to meet such necessity, in good faith appointed H. E. Bradley to act till the legality of the proceedings of the common council should be determined in the *certiorari* proceedings; and that said Bradley performed the duties of such office till plaintiff resumed the same after the determination of such *certiorari* proceedings; and that the disbursing officer, in good faith, paid the salary of the commissioner of health to said acting commissioner during that time.

Kempster vs. The City of Milwaukee.

Upon the trial of the case all the facts were substantially admitted, either by the answer or otherwise, except the eligibility of the plaintiff to the office of the commissioner of health.    Evidence was introduced on that question upon the theory that plaintiff could not recover unless it were shown that he had resided in the city of *Milwaukee* for at least one year prior to his appointment; that without such residence he was not eligible to the office.    The evidence was to the effect that plaintiff had been a resident of the state of Wisconsin for upward of twenty years; that he was a citizen of the United States during all that time; that he moved to the city of *Milwaukee*, with the intention of making that his permanent home, several years prior to his appointment, and that from such removal down to the time of such appointment he resided continually in the city, except when necessarily away on public business under employment in the service of the United States.

The court submitted to the jury questions on the subject of citizenship only, and a finding resulted that plaintiff was a citizen of the state of Wisconsin at the time of his appointment as commissioner of health, and that he intended, on or before the 1st day of April, 1893, to make the city of *Milwaukee* his place of residence.    Upon the coming in of such verdict the court directed judgment for plaintiff, which was entered accordingly.    There was a motion for a new trial duly made and overruled before judgment.

For the appellant there was a brief by *Howard Van Wyck*, city attorney, and *C. H. Hamilton*, special assistant, and oral argument by *Mr. Hamilton*.

For the respondent there was a brief by *V. W. Seely* and *Quarles, Spence & Quarles*, and oral argument by *Mr. Seely*.

MARSHALL, J.    The ground of complaint on this appeal is that the court erroneously directed judgment for plaintiff on the evidence and special verdict, for two reasons: First, because the facts found by the verdict are not sufficient to

show that plaintiff was eligible to the office when he was appointed; and second, that the salary for the time he was excluded from the office was paid to a *de facto* officer, who performed the duties of the office, and that the city cannot be compelled to pay the same again to plaintiff.

The particular defect in the special verdict pointed out by defendant is that it fails to find that plaintiff was a resident of the city of *Milwaukee* for one year preceding his appointment; that the finding to the effect that he intended, on or before the first Tuesday of April, 1893, to make the city of *Milwaukee* his place of residence may be true, and he not have resided there at all, or, if at all, may have changed his residence; that such finding does not meet the call of the charter for one year's continuous residence previous to the appointment.

Some question is raised as to the validity of the charter provision in regard to eligibility to hold office under it, but on the record such question does not call for discussion or decision. The word *residence* as used in the charter does not mean physical location continuously. It is used in the broad sense of domicile requisite to citizenship. For the purposes of such residence there must be an actual location in the place in question, with the intention of making it a permanent home. That is sufficient to meet all the requisites of legal residence at the outset. In one sense a person may have more than one place of residence, but he can have only one which has the element of permanency essential in a legal sense to his domicile. He can have only one domicile at one time. To constitute that there must be an actual location, with the intent to make such place his home indefinitely. *Parsons v. Bangor*, 61 Me. 457. To establish the domicile does not require any considerable length of time. Residence at a place for any length of time, however short, with the concurring intention of permanently residing at such place, renders such place, in a legal sense, the

person's domicile, and, being once fixed, it will continue till abandoned, without reference to any mere absence for a temporary purpose, with the fixed intention of returning when such purpose shall be accomplished. *Kellogg v. Winnebago Co.* 42 Wis. 97; Dicey, Domicile, 76; Mechem, Pub. Off. § 159.

Applying the foregoing to the evidence, it is unimportant that the verdict is not full on the subject of legal residence. There is no controversy as to the fact. The only evidence there is on the subject is to the effect that plaintiff went to *Milwaukee* in the fall of 1890 with the intention of making that his permanent home; that such intention was continuous down to the time of his appointment to the office of commissioner of health of said city and that he was physically present there during all the time except when absent on business, or otherwise, with the fixed intention of returning as soon as the purpose of the absence should be accomplished. Obviously that made the city of *Milwaukee* plaintiff's domicile and legal residence, continuous from his location there in 1890 down to the time of his appointment. Therefore, there was no question on the subject for the jury.

The doctrine invoked by defendant, that a *de jure* officer cannot recover his salary from the municipality on regaining possession of his office, where it has been previously occupied without his consent by a *de facto* officer to whom the salary has been paid, but that his remedy is against such *de facto* officer, is sustained by the decided weight of authority, though there is much respectable authority against it. *Ward v. Marshall,* 96 Cal. 155; *Andrews v. Portland,* 79 Me. 484. It has never been adopted in this state. The question of whether such doctrine rules this case, however, cannot in any event be reached till the conditions are found to have existed requisite to its application. Here the office of commissioner of health was not filled by a *de facto* officer while plaintiff was excluded therefrom, so the salary incident to

such office was not paid to such an officer. The fact that the public authorities created a condition which made it necessary to have the duties belonging to the office of commissioner of health performed by some one other than the officer contemplated by law, and to meet such necessity the mayor appointed a person to do the work, and designated him acting commissioner of health, by no means made him *de facto* commissioner of health. There was no such office under the charter of the city of *Milwaukee* as acting commissioner of health; therefore, obviously, there could be no such *de facto* officer, and if there were, that was not the office held by the plaintiff. If, by appointment of the mayor and approval of the council, in the manner required by the city charter, the office of commissioner of health had been temporarily filled, then there would have been a *de facto* officer to receive the salary incident to the office; but the mere designation of a person, without authority of law, to perform the duties of the office, did not make such person an officer *de facto*, or furnish any justification for payment of the salary incident to the office to such person, that can be pleaded in defense of the claim of the officer *de jure*, made upon his regaining his office. The simple question here is, Can an officer be wrongfully excluded from his office, and another be employed to perform his duties without appointment or election to the office, such person be compensated for his services out of the public treasury, and, upon the officer so wrongfully excluded being permitted again to resume his duties, such payment be pleaded in defense of such officer's claim for his salary for the time he was so wrongfully excluded? That must be answered in the negative. At best, such person can be considered but a mere intruder. That was the situation of the acting commissioner of health in this case. The principle of *Warden v. Bayfield Co.* 87 Wis. 181, applies.

*By the Court.*— The judgment of the superior court is affirmed.