CLAUSEN, Appellant, vs. FOND DU LAC COUNTY, Respondent.

*December 6, 1918—January 7, 1919.*

*Officers: De jure and de facto: Payment of salary to de facto officer: Liability to pay again to de jure officer.*

1. An invalid statute, by its terms, abolished a county court and transferred its powers and functions to a superior court thereby created. A judge of the new court was appointed, who took possession of the records, etc., and entered upon his duties. Plaintiff had for some time been the clerk and phonographic reporter of the county court, but the new judge appointed another person as such reporter of the superior court, and she performed all the duties of reporter and clerk of said court until the statute was declared void. *Held* that, as said judge became the *de facto* judge of the county court (163 Wis. 34), so his appointee became the *de facto* clerk and reporter of that court; but that plaintiff remained the *de jure* clerk and reporter.

2. The county having paid a monthly salary to said *de facto* clerk and reporter in reliance upon the fact that she had possession of the office under color of title and was discharging its duties, cannot be compelled to pay such sums again to plaintiff as the *de jure* officer, but plaintiff may recover from the county the amount by which his lawful salary exceeded the monthly salary so paid to the *de facto* officer, and also the amount of a payment to the *de facto* officer for the last fractional month of her service, such payment having been made after she had ceased to act and the validity of plaintiff's title to the office had been established.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

This is an appeal from a judgment affirming the disallowance by the county board of Fond du Lac county of plaintiff's claim for salary as clerk and phonographic reporter of the county court of said county from September 1, 1915, to February 23, 1916.

The facts were stipulated and were in substance as follows: Plaintiff on September 1, 1915, was, and for some time prior thereto had been, the duly appointed and qualified

clerk and phonographic reporter of the county court of Fond du Lac county, at a salary of $1,000 per year, payable in equal monthly instalments. By ch. 518, Laws 1915, said county court was in terms abolished and all its functions and powers transferred, on and after September 1, 1915, to a court called in that act the superior court of said county, of which new court F. W. CHADBOURNE was appointed judge by the governor. Said CHADBOURNE entered on his duties September 1, 1915, and the judge and clerk of the county court at that time gave up possession of the office and records under protest, claiming the act creating the new court to be void. Judge CHADBOURNE declined to appoint the plaintiff to the position of phonographic reporter in the new court and on the 2d day of September, 1915, appointed one Harriet G. Morse phonographic reporter of said last named court, and from that time until February 22, 1916, said Harriet G. Morse performed all the duties of phonographic reporter and clerk of said superior court and excluded the plaintiff therefrom, at a salary of $75 per month, which was regularly paid by the county for five months, *i. e.* up to February 1, 1916. On February 22, 1916, in a *quo warranto* action brought in this court, it was held that the act creating said superior court was void. *State ex rel. Richter v. Chadbourne,* 162 Wis. 410, 156 N. W. 610. On February 23, 1916, said CHADBOURNE and his appointees vacated their supposed offices and the county judge and the plaintiff resumed the active performance of their duties. They announced their readiness to perform their duties at the time of their ouster from office, and the plaintiff filed a claim for his monthly salary each month, each time stating that he was ready and willing to perform his official duties. June 15, 1916, the county paid to Miss Morse $56.25, being her salary from February 1 to February 23, 1916.

The trial court held that the plaintiff was removed from office by the *de facto* judge of the county court and that such removal was a valid act, just as much as a judgment or

purely judicial act of said *de facto* judge, and hence that the plaintiff was rightly denied any salary.

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie*.

*L. J. Fellenz* of Fond du Lac, for the respondent.

Winslow, C. J.   There is much respectable authority to the effect that appointments to office by a *de facto* officer are as valid and effectual as though made by a *de jure* officer. 2 Dillon, Mun. Corp. § 519 and authorities cited; 8 Am. & Eng. Ency. of Law (2d ed.) 822. The other view is taken in England and by some authorities in this country. *In re Ringler & Co.* 204 N. Y. 30, 97 N. E. 593. It is not necessary to decide the question in this case and we intimate no opinion thereon. In the case before us Judge Chadbourne appointed a clerk and phonographic reporter for the supposed superior court, a court which never had a legal existence, but he never appointed a clerk or phonographer for the county court. To hold that a person appointed by a *de facto* officer to hold a *de facto* office thereby becomes the *de jure* holder of an entirely different and *de jure* office seems not logical. We therefore hold that the plaintiff remained the *de jure* clerk and phonographer of the county court notwithstanding the appointment of Miss Morse.

Another question arises here, however. Under the logic of the decision in the case of *In re Woolcott,* 163 Wis..34, 157 N. W. 553, Miss Morse was the *de facto* clerk and phonographer of the county court from the time of her appointment until February 23, 1916. Miss Morse drew the salary of $75 per month during that time. The county paid her this salary (up to February 1st) in reliance on the fact that she had possession of the office under color of title and was discharging its duties. Can it be compelled to pay these sums again to the *de jure* officer? This question has not been decided in this court. It was referred to in the case

of *Kempster v. Milwaukee,* 97 Wis. 343, 72 N. W. 743, but was not there decided because it was held that the supposed *de facto* officer in that case was a mere intruder and hence the question of the effect of payment to a *de facto* officer did not arise.

It was correctly stated in that case that the decided weight of authority favors the rule that the *de jure* officer cannot recover from the municipality the sums so paid to the *de facto* officer. See, also, 29 Cyc. 1430 and cases cited. The logic of these decisions is, not that the *de facto* officer is entitled to the money, but that the disbursing officers of the municipality ought not to be required to try and decide the question as to which claimant is entitled to the salary, at the peril of double payment by the municipality if the question be decided wrongly; that the most important consideration is that the public business shall proceed without interruption, and that this result is most likely to be accomplished by payment to the person in possession of the office under color of title discharging its duties.

We think this proposition is correct both upon reason and authority and adopt it. It results that there can be no recovery for the amount of the payments made to Miss Morse for the five months, from September 1st to February 1st, but as these payments were at the rate of $75 per month (while the plaintiff's salary was at the rate of $83.33 per month) there is left the sum of $8.33 per month which the plaintiff should be allowed for these months. As to the amount paid for the salary for the first twenty-two days of February, it is quite apparent that the county is not protected by the principle above stated. This payment was not made until June 15, 1916, long after the *de facto* officer had ceased to act and the validity of the plaintiff's title to the office had been established by this court. Such payments do not come within the reason of the rule. There can be no excuse for paying salary to a *de facto* officer after the court of last resort has declared his incumbency unlawful to the

knowledge of the disbursing officers and he has ceased to act. All unpaid dues or salary pertaining to the office should then be paid to the *de jure* officer. *Scott v. Crump,* 106 Mich. 288, 64 N. W. 1; *Fylpaa v. Brown Co.* 6 S. Dak. 634, 62 N. W. 962; *McVeany v. Mayor, etc.* 80 N. Y. 185. Manifestly the plaintiff is entitled to recover his salary for the first twenty-two days of February. It results that the action of the county board disallowing the plaintiff's demand *in toto* should have been reversed and judgment entered for the plaintiff for $41.66, being the balance of his salary not paid to the *de facto* officer for the five months beginning September 1, 1915, and for the amount due him for the first twenty-two days of February, 1916.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for the plaintiff as indicated in the opinion.