LOGAN, Respondent, vs. CITY OF TWO RIVERS, Appellant.

*March 17—April 12, 1938.*

*F. W. Dicke* of Two Rivers, for the appellant.

For the respondent there was a brief by *Healy & Joyce,* and oral argument by *John J. Healy* and *Kenneth C. Healy,* all of Manitowoc.

ROSENBERRY, C. J.   Three questions are raised upon this appeal: (1) Another person having been appointed to the police force and having been paid his salary, is the city liable to the plaintiff?. (2) Is the plaintiff entitled to recover interest on deferred payments?   (3) Was the plaintiff guilty of laches?

I. It is contended that there are two lines of authority with respect to the effect of payment of salary to a *de facto*

officer when set up as a defense to an action or proceeding by a *de jure* officer for the same salary. See 55 A. L. R. 997, note. It is claimed that Wisconsin in *Clausen v. Fond du Lac County* (1919), 168 Wis. 432, 170 N. W. 287, adopted the majority rule. On the other hand, plaintiff contends that the so-called minority rule was adopted in *Kempster v. Milwaukee* (1897), 97 Wis. 343, 72 N. W. 743, and in *Seifen v. Racine* (1906), 129 Wis. 343, 109 N. W. 72.

We do not find it necessary to determine this precise question. Under all of the authorities, in order to be protected, a municipality must make payment to a *de facto* officer. Under the law, the city manager of the defendant city had no authority to appoint a policeman. Therefore, the appointee was not a *de facto* officer, and payment to him was no defense to this action. *Warden v. Bayfield County* (1894), 87 Wis. 181, 58 N. W. 248. The city manager's appointee was a mere intruder and not a *de facto* officer, and the trial court so held.

II. Upon the authority of *Seifen v. Racine, supra,* the trial court correctly held that the plaintiff was entitled to interest. While the point was not discussed in that case, a recovery including interest was affirmed. The defendant relies upon *Smith v. Board of Education* (1913), 208 N. Y. 84, 101 N. E. 791; *Appleton W. W. Co. v. Appleton* (1908), 136 Wis. 395, 399, 117 N. W. 816, 817, and other cases. *Appleton W. W. Co. v. Appleton* does not sustain the defendant's contention. The court said:

"Neither are we disposed to follow those cases which hold that a municipal corporation is not liable for interest on an indebtedness due from it in the absence of an express promise to pay. If the question is an open one in this state at all, no good reason is apparent why, after a claim is properly presented to a municipal corporation and payment is duly demanded, such claim should not draw interest if interest would be allowable on a like claim against an individual. This statement has, of course, no reference to statutory pro-

visions exempting municipalities from the payment of interest on certain kinds of indebtedness."

In the *Appleton W. W. Co. Case* the plaintiff sought recovery on *quantum meruit*. The city was at all times ready and willing to pay the amount due under the contract which it claimed governed the rights of the parties. It further appears that the plaintiff was never at any time willing to accept the amounts legally due to it. The reason for the rule requiring a demand as against a municipality, when under similar circumstances a demand would not be necessary against an individual in order to entitle a claimant to interest, is based on the fact that it would be inconvenient and burdensome to require the officers of a municipality to seek out a creditor and tender payment. The rule and reason for the rule have no application in this case. In this case the plaintiff promptly commenced an action to enforce payment of his salary on the ground that he was not legally discharged. During all of the time in question the defendant was resisting payment of plaintiff's claim and denying all liability, because it claimed that the discharge of the plaintiff was effective. The law does not require the doing of a futile and useless act. Certainly, when the city contested the action which the plaintiff brought to recover the December, 1933, and January, 1934, instalments of his salary it had ample notice of plaintiff's claim and that plaintiff was demanding payment. It is considered that under these circumstances the plaintiff is entitled to interest.

III. We are cited to no authority, and we find none, which would bar the plaintiff's claim on the ground of laches under the facts and circumstances of this case. This is an action at law and not an equitable action. *Schuster v. Milwaukee E. R. & L. Co.* (1910) 142 Wis. 578, 126 N. W. 26.

*By the Court.*—Judgment affirmed.