SCHOONOVER, Appellant, vs. CITY OF VIROQUA, Respondent.

*March 14—April 14, 1944.*

240

242

For the appellant there were briefs by *J. Henry Bennett* and *Olga Bennett,* both of Viroqua, and oral argument by *Mr. Bennett.*

For the respondent there was a brief by *Wayne B. Schlintz* of Viroqua, attorney,.and *Hale & Skemp* of La Crosse of counsel, and oral argument by *Quincy H. Hale.*

FAIRCHILD, J.   The question presented on this appeal relates principally to the sufficiency of the evidence to support the trial court's findings of fact that a *de facto* officer was serving and drawing the salary sought by appellant.   Appellant contends that since the jury answered by its special verdict that he did not act as he did with full knowledge of his rights, and since there was testimony to support such an answer, the court did not have the power to make its own findings and render judgment as it did.   It appears, however, from a reading of the special verdict that the question as framed was so ambiguous that the answer of "No" does not declare whether the appellant refused to return to work so as to require the filling of his place.   The qualifying phrase "with full knowledge of the facts and his rights in the premises" leaves no clear-cut determination of the issue.   The record is such that the court was bound to make its own findings of fact, sec. 270.28, Stats., and the finding that appellant on several different occasions on and after November 1st, refused to return to work when requested to do so by individual aldermen was warranted and must be sustained.   The only testimony to the contrary was that of the appellant himself, who disputes in part the statements made by these officials.   The court was convinced of the fact by the testimony submitted.   The contention that some formal action of the city council acting as a body was necessary before the vacancy could be filled is without merit.   There were positive declarations that the appellant would not return to work.   He did not offer to discharge his duties and the place was filled by another.

The evidence shows that the mayor appointed Blaine Eitland to fill the vacancy.   If Eitland was a *de facto* officer from November to February and was paid the salary, appellant cannot recover.   Payment of salary to a *de facto* officer prevents the collection by another; for the "disbursing officers of the municipality ought not to be required to try and decide

the question as to which claimant is entitled to the salary, at the peril of double payment by the municipality if the question be decided wrongly; that the most important consideration is that the public business shall proceed without interruption, and that this result is most likely to be accomplished by payment to the person in possession of the office under color of title discharging its duties." *Clausen v. Fond du Lac County,* 168 Wis. 432, 435, 170 N. W. 287.

Appellant contends that since Schoonover was unlawfully discharged, no vacancy occurred and hence the mayor was without authority to appoint a successor to the office and Eitland was a mere intruder and not a *de facto* officer. He cites *Logan v. Two Rivers,* 227 Wis. 499, 278 N. W. 861. In the *Logan Case,* however, the appointment of the purported officer was made by the city manager who had no authority to appoint police officers. Under the city ordinances of Viroqua, the mayor has the power to appoint police officers with the confirmation of the council. The city needed the services of a night policeman and was without such services. Blaine Eitland acted as a night policeman during that time, under color of right and under such circumstances was a *de facto* officer. *Clausen v. Fond du Lac County, supra;* 43 Am. Jur. p. 230, sec. 476.

"A *de facto* officer is one who is in possession of an office and discharging its duties under color of authority. McCrary, Elect. (3d ed.) sec. 218; 2 Dill. Mun. Corp. sec. 892. By color of authority is meant authority derived from an election or appointment, however irregular or informal, so that the incumbent be not a mere volunteer. McCrary, Elect. sec. 218." *State ex rel. Jones v. Oates,* 86 Wis. 634, 638, 57 N. W. 296.

The appellant's successor has now been duly appointed. The fact that the confirmation did not occur until May 19, 1943, does not mean that the mayor was without power in November to appoint an officer to fill a vacancy subject to the coun-

cil's confirmation. It was the custom for a great many years in Viroqua for the confirmation of officers so appointed to be made at a council meeting in April. The fact that the confirmation was on May 19th, does not change the situation. A vacancy was in fact created as a result of the refusal of appellant to return to work and he acquiesced in his discharge by his course of conduct.

*By the Court.*—Judgment affirmed.