STATE EX REL. MELLEN, Respondent, vs. PUBLIC SCHOOL TEACHERS' ANNUITY AND RETIREMENT FUND TRUSTEES and others, Appellants.

*November 14, 1924—February 10, 1925.*

*Schools: Teachers' annuity and retirement fund: Resignation of teacher: Authority of board to accept as of prior date: Leave of absence: Whether teacher is "in the service."*

1. The contract relationship existing between a school board and a school teacher could not be terminated by the board's acceptance of the teacher's resignation to take effect on a date prior to that designated in the resignation. p. 656.

2. Leave of absence granted a teacher did not affect her status as such within the meaning of sec. 42.55, Stats., providing for an application for the benefits of the teachers' annuity and retirement fund by a teacher "in the service," though she did not teach during the period of the leave of absence, there being no showing that she was incapacitated from further active service as a teacher when the leave of absence was granted. p. 657.

APPEAL from a judgment of the circuit court for Milwaukee county: GEORGE GRIMM, Judge. *Affirmed.*

After more than thirty-four years of service as a teacher in the Milwaukee city public schools, petitioner on June 24, 19*20,* sent to the school board a letter stating: "I hereby tender my resignation as a teacher of the public schools of Milwaukee, to take effect August 1, 19*21.*"

On September 7th the school board duly granted her a leave of absence as teacher in the public schools for the years 1920–1921. Shortly thereafter the board amended it by providing that she should receive pay for the first five months thereof and until February, 1921. Petitioner did no active school work as teacher after September 1, 1920.

On June 7, 1921, the school board by resolution accepted the resignation of the preceding year, but effective as of *June 17,* 1921.

The petitioner immediately called attention to the fact that her written resignation fixed the date as of August 1, 1921, and also requested that the date of its taking effect be now changed to September 1st.

On August 2d the school board rescinded its acceptance as of June 17th and accepted it to be effective September 1st.

Petitioner had never taken the steps requisite to her becoming entitled to relief and had lost all right under the law as it had theretofore existed concerning the school teachers' annuity and retirement fund. By an amendment, however, to such law by ch. 591 of 1921, effective August 9th, provisions were made that one situated as the petitioner then was might now come under said law and become entitled

to its benefits by paying into the fund the necessary amount.

In August, 1921, the petitioner made written application in due form to be permitted to come under said law as so amended, and made tender of $1,500.

Solely for the reason that they were so advised by the city attorney, the trustees of said fund denied her request for the annuity, this denial being based upon the view that the petitioner was not "in the service" at the time of making her application. The petitioner then obtained an alternative writ of *mandamus* against the appellants, the various city officers and the members of the school board and trustees of the annuity and retirement fund. Defendants moved to quash, and upon hearing the motion was dismissed, and it having been stipulated that the decision on such motion should dispose of the matter, judgment was entered determining that petitioner was, upon payment to the trustees of said fund of the proper amount, under the law entitled to the annuity as of August 26, 1921, and to her costs and disbursements.

From such judgment this appeal is taken.

For the appellants there was a brief by *John M. Niven,* city attorney of Milwaukee, and *Charles W. Babcock* and *Andrew W. Brunhart,* assistant city attorneys, and oral argument by *Mr. Brunhart.*

For the respondent there was a brief by *Olwell & Brady* of Milwaukee, and oral argument by *B. V. Brady.*

The following opinion was filed December 9, 1924:

ESCHWEILER, J. The sole question here presented is whether or not the petitioner, at the time of her making application for an annuity in August, 1921, and after more than thirty-four years of teaching, was still "in the service" as a teacher in the Milwaukee public schools within the meaning of the quoted phrase in sec. 4, ch. 591, Laws of 1921, creating sub. (1), sec. 921—*xx* (now sec. 42.55, Stats.).

It is in substance contended that either because of her resignation of June, 1920, and the action taken thereupon by the school board in June, 1921, or that, having been granted a leave of absence for the years 1920, 1921, and not having taught during that period and probably contemplating no further active service, coupled with the statement contained in her said application that she presented therewith the certificate of her attending physician that she was incapacitated, and praying that she might be granted an annuity if found incapacitated, she was no longer in the service as a teacher in August, 1921.

The contract relationship between the school board and the petitioner could not be terminated either by the mere sending of the resignation or by the action of the school board in accepting it as of June 17th, when by its express terms it was not to take effect before August 1, 1921. The board, of course, had no power or authority to change the terms or conditions of her voluntary proposal or make it effective prior to the date therein fixed. No attempted acceptance of it as of a time before the date therein fixed could be binding upon her. The action of rescinding their former mistaken action by the school board was entirely proper. Her request that the time be extended to September 1st and the acceptance by the school board of such amended or new resignation was the only agreement between them on the subject of the termination of the relationship so far as the resignation is concerned.

The leave of absence granted in September, 1920, cannot be held as an admission on her part or recognition or assertion thereof by the school board that she was for such period no longer under the same contract relationship that had formerly existed. That she did not actually teach during such period, no question being made of the authority of the board to grant such relief, is entirely immaterial. Upon the expiration of the leave the petitioner stood in exactly the same position, so far as the mutual rights and obligations

of the existing contract were concerned, as she did at the time it was granted.

There is nothing in the record to show that at the time the leave of absence was granted she was then incapacitated from ever thereafter rendering further active service as a teacher, and even if such condition can be surmised or assumed it is immaterial. Her application in August, 1921, referred to a then incapacity and not to any prior condition. That a then incapacity was a proper matter to be submitted to the trustees of this fund appears from the language of the law itself. Sub. (12), sec. 42.55.

It is clear, therefore, that she was "in the service" in August, 1921, within the letter and spirit of the law, and her prayer for relief was properly granted.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on February 10, 1925.