Fritzke, Respondent, vs. Public School Teachers' Annuity and Retirement Fund Trustees, Appellant.

*February 6—March 4, 1930.*

For the appellant there were briefs by *John M. Niven,* city attorney of Milwaukee, and *Charles W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

*Ernst von Briesen* of Milwaukee, for the respondent.

FRITZ, J.   In 1903 plaintiff entered the service of the school board of the city of Milwaukee as a truancy and attendance officer, and thereafter continued in that service except as hereinafter stated.   On May 15, 1922, the assistant superintendent of schools, in a report to the superintendent, wrote:

"Mr. R. W. E. Fritzke, attendance officer, has passed the age of seventy and, in my judgment, ought to be retired at that time.   He is a fine old gentleman and handles individual cases with unusual tact, but his hearing is failing and it is a hardship for him to travel great distances on foot. . . . I recommend that his services be terminated as of September 1, 1922."

On June 2, 1922, plaintiff requested a hearing upon said charges of incapacity.   On July 28, 1922, in a communication to a committee of the school board, the plaintiff wrote:

"I shall not resign, because in so doing I would admit that the charges made against me are true.

"However, I very respectfully ask that you either appoint me for another year or grant me leave of absence for one year, so that I might avail myself of the benefit of the Milwaukee Teachers' Retirement Association pension fund in the event that an amendment to the pension law is obtained so that the attendance officers are covered.   If you grant me this favor I promise to retire voluntarily on September 1, 1923."

After that communication the school board granted plaintiff a leave of absence to September 1, 1923, without pay; and on September 4, 1923, the board accepted plaintiff's resignation as of "September 1, 1923, after leave."   Meanwhile, by ch. 270, which took effect on June 21, 1923, the legislature amended the statute relating to the teachers' annuity and retirement fund in cities of the first class so as

to extend the benefits of the fund to truant and attendance officers. On June 21, 1923, plaintiff was not totally incapacitated for further services.

On August 31, 1923, plaintiff deposited with the treasurer of the city of Milwaukee $565.24, which was the amount required by statute to be deposited by plaintiff to entitle him to an annuity; and also, in full compliance with the rules and regulations of the defendants, he duly filed his application for an annuity, together with proper proof of the required services, a certificate of incapacity for further services, and a certificate of the assistant superintendent. Defendants denied plaintiff's application solely on the ground that his leave of absence had expired on June 12, 1923, which was prior to the enactment of ch. 270, Laws of 1923. On December 15, 1923, plaintiff renewed his application, and this time it was denied on the grounds that he was not in service when ch. 270, Laws of 1923, was passed, and that it was unsafe to grant an annuity unless the court so ordered.

The defendants were in error in denying plaintiff's application on those grounds. Under the decision in *State ex rel. Mellen v. Teachers' A. & R. F. Trustees,* 185 Wis. 653, 201 N. W. 383 (filed February 10, 1925), the leave of absence granted plaintiff until September 1, 1923, did not terminate or affect the status, or contractual relationship, that had formerly existed. That relationship continued until September 1, 1923, even though he did not actually perform any service or receive compensation. Until the expiration of such leave he stood in exactly the same position, so far as the continuance of the existing contractual relationship was concerned, as he did at the time such leave was granted. Consequently, upon the filing of his application, with proper proofs and certificates, and the deposit of $565.24 on August 31, 1923, as well as upon the renewal of his application on December 15, 1923, plaintiff was entitled to the payment of the annuity. His rights were then fixed and absolute, and continued so at all times thereafter, notwithstanding the

return to plaintiff on April 16, 1924, of his deposit of $565.24.

After learning of the application of the decision in *State ex rel. Mellen v. Teachers' A. & R. F. Trustees, supra,* to plaintiff's situation, he again renewed his application. on December 13, 1926, and once thereafter. On each occasion the defendants again wrongfully denied his application. He clearly was not guilty of laches. Up to April 16, 1924, when the $565.24 deposit was returned to plaintiff, he had become entitled to seven monthly payments of $38 each, or a total of $266. By December 13, 1926, when plaintiff again renewed his application, the annuities which should have been paid to him amounted to $1,444, or $878.76 in excess of the required deposit. Under the circumstances the learned circuit judge rightly held that it would be inequitable to require plaintiff to re-deposit the $565.24 as a condition precedent to the granting of his application; that plaintiff is entitled to payment of the annuity under sec. 42.55, Stats.; and that from the total amount which has accrued, the defendant shall deduct and retain the required deposit of $565.24.

*By the Court.*—Judgment affirmed.