STATE EX REL. HUNSICKER, Appellant, vs. BOARD OF REGENTS OF NORMAL SCHOOLS, Respondent.

*September 13—October 11, 1932.*

For the appellant there was a brief by *Milton T. Murray,* attorney, and *Perry & Perry* of counsel, all of Milwaukee, and oral argument by *Mr. Murray* and *Mr. Charles B. Perry.*

For the respondent there was a brief by the *Attorney General* and *Samuel Bryan,* assistant attorney general, and oral argument by *Mr. Bryan.*

Owen, J. The plaintiff was employed as a teacher in the Milwaukee normal school in 1925. She was appointed and assigned to service as teacher and research director, in which capacity she served until February 1, 1931. About September, 1929, after four years of satisfactory service, she was advanced to class C, as a permanently appointed teacher, under the rules of the board. On May 5, 1931, the board adopted a resolution discontinuing the bureau of research, of which relator was the director, as of February 1, 1931, and continuing the relator as a teacher at said college until September 10, 1931, at which time her service should end. The resolution further exempted her from teaching duty during the summer school of 1931.

At the time of the adoption of the resolution the statute, sec. 37.11, defined the powers of the Board of Regents of Normal Schools, and by sub. (3) conferred upon that board the power to "remove at pleasure any principal, assistant or other officer or person from any office or employment in connection with any such school." At that time, however, there were in force rules adopted by the board for the conduct of its own affairs, among which was the following:

"After a teacher has been classified according to the provisions of this schedule, resignation of such teacher shall not be requested except for the following reasons:

"A. Inefficiency.

"B. Conduct unbecoming a teacher.

"C. Failure to co-operate with the president, heads of departments, supervisors, and faculty members to such an extent as to be detrimental to the best interests of the school.

"Requests for resignation must be in writing and must specify the grounds on which such requests are based, and such requests must be delivered to the teacher affected at least one semester, or six months prior to the date on which the resignation is to become effective.

"Any teacher receiving such request shall be entitled to hearing before the educational committee or the full membership of the board provided such teacher requests such hearing at any time within sixty days after receiving such request for resignation."

After being notified of the passage of the resolution, and within sixty days, the relator demanded a hearing before the board, which was denied. She claims that she was not properly discharged, because the right to a hearing was not accorded to her as provided in the above rules.

The power of the board is, of course, derived from the statute, and the statute conferred power upon the board to remove at pleasure, among other persons, any teacher. By its own rules, however, the board declared that it would not discharge any teacher without giving any such teacher an opportunity to be heard. Does this rule, adopted by the board, detract from the absolute power conferred by statute to discharge a teacher at the pleasure of the board? To answer this question in the affirmative would be to say that the board could voluntarily relinquish a part of its power, and if the right to do this be conceded it must necessarily follow that it may relinquish all power, a proposition which cannot be thought of.

It is said that this rule entered into the contract and became a condition of the contract between the board and the teacher, so that it was not within the power of the board to discharge the teacher in the absence of a hearing. But the extent of the power of the board to contract must be determined by reference to the statute, and the power which the statute conferred was the power to discharge at pleasure. A condition such as this written into a contract would be

without any authority of law and subversive of the powers which the legislature intended the board to exercise. The board has no right to disable itself from exercising the powers conferred upon it by the legislature in the manner indicated by the legislature.

It is a well settled principle of law that a statute will not be held void because the legislature did not follow its own rules in the passage of the act. 36 Cyc. 958; *McDonald v. State,* 80 Wis. 407, 50 N. W. 185. This is on the theory that the legislature has the power to change its rules at any time. The Board of Regents had the power to change its rules at·any time unless such rules constituted a part of the contract with the teacher, and to constitute such rules a part of the contract was beyond the power of the board. Having the power to change the rules at any time, they may be ignored by the board without affecting the legality of its proceedings.

On the 8th day of June, 1931, the legislature enacted sec. 37.31, Stats., which provides among other things that a teacher in the position of the relator shall not be discharged except for cause upon written charges. "Said charges shall after ten days' written notice thereof to such teacher, and upon such teacher's written request, be investigated, heard and determined by the Board of Normal School Regents, whose action and decision in the matter shall be final." On June 9th, the date upon which this law was published, the relator demanded a hearing before the board, and the secretary responded, by direction of the president, that the matter was considered closed.

We have, then, the resolution of dismissal of May 5th, notification to the relator on May 11th, and a demand by her for a hearing on June 10th. She then still occupied her position as a teacher in the normal school, as by the terms of her discharge she was to be continued as a teacher until Sep-

tember 10th. It is claimed that her rights are governed by *State ex rel. Mellen v. Teachers' A. & R. F. Trustees,* 185 Wis. 653, 201 N. W. 383, and *Fritzke v. Teachers' A. & R. F. Trustees,* 201 Wis. 179, 229 N. W. 543, where it was held, respectively, that a teacher and a janitor could have the benefits of the retirement fund created between the time that their resignations were tendered and the time they became effective, for the reason that at the time of the passage of the act they were in the employment contemplated by the act, although their resignations had been accepted and the time when their employment should terminate had become definite. There is a marked difference between those cases and this. In those cases an additional right was conferred by law upon all who were then engaged in the occupation contemplated by the act, and it was held that they were entitled to the benefits of the act because their status at the time of the passage of the law brought them within the terms of the act. The fact that after such action was taken by the board in the instant case the legislature limited the powers of the board with reference to the discharge of teachers, is not material, as the law had no retroactive effect, and did not disturb her status theretofore created by the legal action of the board. If she had been employed by the board on the 5th day of May, 1931, in the manner then prescribed by statute, it would not be suggested that the contract would have been rendered invalid by subsequent legislation requiring additional formalities to be observed by the board in consummating contracts with its teachers. *State ex rel. Nyberg v. Board of School Directors,* 190 Wis. 570, 209 N. W. 683. If the board, acting pursuant to present powers, may create the contract relation, no reason is seen why it may not also terminate that relation, acting pursuant to present powers, and such termination will not be affected by the passage of subsequent legislation imposing greater formalities upon the

board in the matter of terminating its relations with its teachers. Acting in pursuance of its powers, the board, on May 5th, determined that the status of the relator as a teacher in the Milwaukee normal school should terminate on September 10th. That action on the part of the board effectually established her status even though had the board undertaken such action after the passage of sec. 37.31, Stats. 1931, its legal action in such matter would have required the giving to relator an opportunity to be heard. The fact is, it acted before the passage of the act, and when it acted it acted in pursuance of its legal powers. The alternative writ was properly quashed and the judgment must be affirmed.

*By the Court.*—So ordered.