STATE EX REL. TRACY and others, Respondents, vs. HENRY, State Treasurer and Director of State Inspection Bureau, Appellant.

*December 5, 1934—January 8, 1935.*

For the appellant there was a brief by the *Attorney General, H. H. Naujoks,* assistant attorney general, and *Herbert H. Thomas* of Madison, special counsel, and oral argument by *Mr. Thomas.*

*Joseph A. Padway* of Milwaukee, for the respondents.

WICKHEM, J. The facts in this case are similar to those presented in *State ex rel. Nelson v. Henry,* 216 Wis. 80, 256 N. W. 714. That case determined most of the issues that were supposed to be involved in this case at its commencement. The only remaining question is whether a failure to include as parties defendant the present incumbents of the offices or positions vacated by the discharge of petitioners constitutes a defect of parties defendant that can be reached upon a motion to quash. The question is not the same as would be presented upon a motion to interplead these incumbents. The motion to quash, for the purposes of this appeal, is equivalent to a demurrer and is grounded upon a defect of parties defendant.

It was decided in *State ex rel. Gill v. Watertown,* 9 Wis. * 254, that *mandamus* is a proper remedy to restore a party to the possession of an office from which he has been illegally removed. In *Board of Education v. State ex rel. Reed,* 100 Wis. 455, 76 N. W. 351, it was said that, where a person has been wrongfully ousted from an office, he cannot wait for redress until the place is filled again and then use the remedy of *mandamus* to regain possession, thus apparently modifying the doctrine in the *Watertown Case,* although containing no citation to this case. This doctrine, however, was repudiated in *State ex rel. Hayden v. Arnold,* 151 Wis. 19, 138 N. W. 78, where this court, speaking through Mr. Justice MARSHALL, stated:

"There should be no arbitrary rule of denial, except in case of occupancy of an office by one holding *de facto* against another claiming title thereto, but never having been in

possession, or regularly declared to be entitled thereto,—a case involving a square dispute as to the title between one claiming the right, though holding no *prima facie* title, as for example a certificate of election duly issued, and one in possession holding *de facto*."

Accepting as true the allegations of the petition, petitioners were illegally removed from office. At the time of this removal, petitioners were not merely *de jure* officers or employees, but persons actually in possession of the office, if it is an office. At this stage the controversy involved only the petitioners and defendant,—the alleged wrong-doer and the alleged victims of the wrong. Petitioners did not then have, nor have they now, any quarrel with their successors, the successors having had no part in their discharge, so far as the allegations of the petition disclose. It is clear that the situation is governed by the doctrine of the case of *State ex rel. Gill v. Watertown, supra,* and is not within the exception noted in *State ex rel. Hayden v. Arnold, supra.* The only ground upon which *mandamus* can be held to lie is that the dispute does not fundamentally constitute a trial of the title to an office. Since *mandamus* lies, it follows that the incumbents are not necessary parties. It is not necessary to decide, and we do not decide, whether, upon a motion to interplead, the incumbents may be made parties to this action.

*By the Court.*—Order affirmed.