STATE EX REL. KARNES, Respondent, vs. BOARD OF REGENTS OF NORMAL SCHOOLS, Appellant.

*September 16—October 13, 1936.*

For the appellant there was a brief by the *Attorney General* and *Warren H. Resh,* assistant attorney general, and oral argument by *Mr. Resh.*

*D. K. Allen* of Oshkosh, for the respondent.

NELSON, J.   A motion to quash an alternative writ of *mandamus* is regarded as a demurrer.   *State ex rel. Wember v. Kingston,* 214 Wis. 362, 253 N. W. 401; *State ex rel. Nelson v. Henry,* 216 Wis. 80, 256 N. W. 714; *State ex rel. Tracy v. Henry,* 217 Wis. 46, 258 N. W. 180.

The sole question for decision, therefore, is whether the allegations of the petition, liberally construed and taken as true, state a cause of action, *i. e.,* show that the plaintiff is entitled to the relief prayed for.

It becomes necessary to recite the substance of so many of the representations found in the petition as are deemed material.   The petition is unnecessarily long and contains many allegations that, in our view, are not material.

It is alleged that the plaintiff is a citizen, resident, and taxpayer of the city of Oshkosh; that the Board of Regents of Normal Schools of the State of Wisconsin is a state board duly organized pursuant to the provisions of ch. 37 of the Wisconsin Statutes, and is that governmental agency which administers the state teachers' colleges of this state;

that the teachers' college at Oshkosh is one of the colleges administered by the board; that at all of the times mentioned in the petition subsequent to 1931, Forrest R. Polk was the duly appointed, qualified, and acting president of said teachers' college; that on or about February, 1914, the plaintiff was duly appointed by the board as a teacher and supervisor of student teaching in industrial education in said college (then conducted as a state normal school), and continued as such teacher and supervisor until about September 1, 1918, when he was promoted to the directorship of said department of industrial education; that on or about the year 1917, after three years of successful and satisfactory teaching in said college, the plaintiff was classified as a permanently appointed teacher in accordance with the rules of the board, and thereby became a permanent teacher in said college; that at all times from 1914 to 1934, while serving as a teacher in said college, the plaintiff was an efficient teacher, conducted himself in a manner becoming a teacher, cooperated fully with the president, heads of departments, supervisors, and members of the faculty; that on or about June 16, 1934, he received a letter from the president of said college, which is as follows:

"I regret exceedingly that it is my duty to tell you that it appears to be for the best interests of the school that your connection with it terminate September 10, 1934. In the meantime, you have the summer off.

"It is suggested that you submit a resignation. In any event your position will be abolished and will not be filled."—

that upon the receipt of said letter the plaintiff refused to tender his resignation as requested and demanded a hearing before the board; that the plaintiff inquired of the president of the board as to what charges were made against him, and was informed by the president of the board, in the presence of the members of the board, that there were no charges; that the plaintiff then inquired of the board as to his status;

and was informed by the president that he was discharged by virtue of a resolution of the board; that plaintiff then inquired if the resolution had been adopted; that said resolution had not then been adopted, but was adopted later in the day (September 5, 1934), after his said conversation with the president in the presence of the board; that the resolution referred to is as follows:

"Resolution 352. Resolved, That at the State Teachers College at Oshkosh the Division of Industrial Arts be hereby abolished and the work carried on therein so far as content is concerned and so far as may be now or hereinafter approved, be carried on as a major or minor in the Division of Secondary Education; further in accordance with the foregoing provisions the following positions be abolished: (1) Position of Director of Industrial Education held by Frank M. Karnes; (2) the position in Industrial Education filled formerly by Frank W. Walsh;"—

that thereafter, upon inquiry made of the secretary of the board, he was informed of the passage of the resolution above quoted; that thereafter the plaintiff made diligent inquiry of the board as to his status in view of the resolution, but was not successful in securing any definite information as to the intent and effect of said resolution, as to his position as a teacher in said college, or as to his tenure rights; that on September 8th, following the passage of said resolution, the plaintiff wrote to the secretary of the board, protesting the action of the board, notifying the board that he was ready for regular work, denying that the resolution effected his discharge, and inquiring as to what charges, if any, were made against him; that similar requests were subsequently made of the president of the college and the president of the board, but without avail; that at the February, 1935, meeting of the board the plaintiff personally appeared before the board and demanded information as to whether any charges had been preferred against him; that the board

thereupon confirmed its previous action in passing the resolution hereinbefore recited; that the plaintiff has at all times since the passage of said resolution held himself in readiness to continue his work as a teacher in said college, and reported for work at the opening of the college year in September, 1934, and at the opening of the second semester in 1935; that he has at all times advised the president of said college and the president of the board of his willingness to resume his teaching work in said college, but has been refused any assignment as a teacher; that in truth and in fact the industrial department of said college was not abolished by said resolution as is evidenced by a certain bulletin dated October 1, 1935, and given general circulation as a bulletin of said college; that it was stated in said bulletin as follows:

"Those of you who graduated from the Industrial Department will be glad to know that it is in good order this year. There is a good entering class of strong students; the work is going on with its usual smoothness and efficiency, under the joint guidance of Mr. Gruenhagen, Mr. Grant, Mr. Shrum and Mr. Whitney, and the immediate prospects are bright. Placement of graduates was good last spring and there is much promise of bettering the record, because of the fact that everywhere throughout the country industrial arts are coming back into the public school. This will mean a greater demand for teachers in this field;"—

that in truth and fact the work of said department of said college has been continued at all times since September, 1934, and the work formerly done by the plaintiff has been performed by other teachers employed by said board; that sec. 37.31, Stats., provides:

"*Teachers employed on probation.* All teachers in any state teachers' college shall be employed on probation and after successful probation for three years, the employment shall be permanent, during efficiency and good behavior, provided, that teachers having taught three years or more in any such college shall be deemed to have served their term of

probation. *No teacher who has become permanently employed as herein provided, by reason of three or more years of continuous service, shall be discharged except for cause upon written charges.* Said charges shall after ten days' written notice thereof to such teacher, and upon such teacher's written request, be investigated, heard and determined .by the board of normal school regents, whose action and decision in the matter shall be final. *The term 'teachers' as used in this section shall include all persons engaged in teaching as their principal occupation but shall not include the president or acting president of any state teachers' college;"—*

and that by reason of his having taught more than three years in said college, the plaintiff was, by virtue of said section, deemed to have served his term of probation, and to have become permanently employed, and was not subject to discharge except for cause upon written charges.

There are allegations in the petition regarding the plaintiff's preparation for teaching, educational qualifications, teaching experience, etc., allegations reciting the rules adopted by the board governing its procedure upon the filing of charges against a teacher, and allegations as to the salary schedules adopted by the board.

The amended petition alleges that the plaintiff began his work in the Oshkosh normal school as a teacher; that at various times during his teaching career in that school it became necessary to cut down his hours of teaching so as to comply with .the rules of the North Central Association which limited the teaching by one person to sixteen hours per week; that at all times since his discharge and during the years 1934 and 1935, all of the courses of study carried on in the department of manual arts (industrial education) previous to his discharge have been continued, and have at all times since been and now are a part of the four years' curriculum of said school for said course leading to the degree of bachelor in education; that the work done by the

plaintiff prior to his discharge is being carried on and no part thereof has been discontinued.

There can be little doubt that the allegations of the petition, liberally construed and taken as true, charge that the president of the college first demanded the resignation of the plaintiff and thereby attempted to discharge him; that upon the refusal of the plaintiff to tender his resignation pursuant to the request of the president, and upon his requesting information as to what charges were made against him, the board responded by passing the resolution hereinbefore recited, which purported to abolish the division of industrial arts at said college, but which provided that the work carried on therein so far as content is concerned and so far as may be now or hereafter approved, be carried on as a major or minor in the division of secondary education; and which further provided that the position of director of industrial education held by Frank M. Karnes and the position in industrial education filled formerly by Frank M. Walsh be abolished. The petition, however, emphatically asserts that the department was not in truth and in fact abolished, but the work thereof was carried on by others to all intents and purposes as before, except that the plaintiff and the said Walsh were eliminated as teachers in said college. It is our conclusion that the petition, reasonably construed, charges that the plaintiff was wrongfully discharged as a teacher, since no written charges were preferred against him, no hearing was given to him, and he was not removed or discharged as a teacher, "for cause upon written charges" as provided by sec. 37.31, Stats. The petition clearly asserts that the plaintiff had become "permanently employed" in said college by virtue of sec. 37.31, and could be discharged only "for cause upon written charges."

Numerous contentions are made by the board. We shall discuss only those which we consider sufficiently plausible to merit consideration. (1) The board contends that

*mandamus* is not a proper remedy. In view of the following recent decisions it would seem that the contention is without merit: *State ex rel. Thompson v. School Directors,* 179 Wis. 284, 191 N. W. 746; *State ex rel. Nelson v. Henry, supra; State ex rel. Tracy v. Henry, supra; State ex rel. Hunsicker v. Board of Regents,* 209 Wis. 83, 244 N. W. 618. In the *Thompson Case,* it was earnestly contended by the board of school directors of the city of Milwaukee, that *mandamus* was not a proper remedy. This court, however, disposed of the contention there made as follows:

"The nature of the relief prayed for and granted made *mandamus* a proper remedy."

In the *Hunsicker Case,* no question seems to have been raised as to the remedy there invoked.

The board further contends that the mandatory part of the alternative writ is broader than the allegations of the petition and the recitals in the writ warrant. The alternative writ commanded the board, (1) "to immediately . . . take proceedings to vacate the said action" (obviously referring to the action of the board in discharging the petitioner as a teacher) ; (2) "to reinstate the said Frank M. Karnes in his position as teacher;" (3) "to reassign the said Frank M. Karnes to his position as teacher in . . . Oshkosh State Teachers College;" (4) to place the name of the said petitioner on the pay rolls certified to the secretary of state and the treasurer of the state of Wisconsin; and (5) to "cause to be paid to the said Frank M. Karnes, his salary as such teacher from the 10th day of September, 1934."

If the command of the alternative writ, heretofore numbered (5) for convenient identification, means that the board is commanded to do more than place the name of the petitioner on the pay rolls and certify to the secretary of state

and state treasurer the salary to which he is entitled as a teacher under the teacher salary schedule of the board, then the command of the alternative writ cannot be upheld, as it requires the board to do something that is beyond its power and authority to do. Neither the secretary of state nor the state treasurer was made a party to the action, and consequently the command of the writ cannot bind them. Considering the allegations of the petition, which were referred to in the writ, we are of the opinion that the language that you "cause to be paid to the said Frank M. Karnes, his salary as such teacher from the 10th day of September, 1934," means nothing more than that the board shall take such proper steps as are necessary and within its authority to certify to the secretary of state and to the state treasurer the amount of salary to which the petitioner is entitled, or could have earned, as a teacher, had he been permitted to teach after the date of his alleged wrongful and unlawful discharge. In that view, the command of the writ was not broader than was justified.

The board contends that sec. 37.31, Stats., does not deprive the board of the power to abolish positions, change the courses of study, or make reduction in teaching personnel. We have no doubt that the board had the authority to abolish the position of director of industrial education, but it does not follow that the board could discharge the plaintiff, whose principal occupation, it is asserted, was teaching, and who had at the time, by virtue of sec. 37.31, a permanent teacher status. If we should hold that the board may assign a permanent teacher to a certain named position in which his principal occupation is that of teaching, and then by subsequent action abolish the position, although continuing the work, and thereby effect his discharge, then, indeed, would sec. 37.31 be emasculated and permanent teachers in the system would hereafter have to be wary of the names and titles given to their respective teaching positions. In our view, the

legislature, in enacting sec. 37.31, did not intend that any such result should happen. Our view is further fortified by sec. 37.11 (3), which authorizes the board "to remove at pleasure any principal, assistant or other officer or person from any office or employment in connection with any such school, *but discharges of teachers shall be governed by the provisions of section 37.31.*"

Whether sec. 37.31, Stats., is a good law, or a bad law, a wise law, or foolish law, whether it unduly limits the board in effectively administering the schools and colleges committed to its charge, whether it exalts teacher tenure above and to the detriment of educational efficiency, are questions with which we as a court are not concerned. The language of secs. 37.11 (3) and 37.31, is plain and unambiguous, and our duty is to give effect to the legislative intention as there expressed.

The board further contends that the writ is defective for want of definiteness. Should the board elect not to make a return to the alternative writ and permit the alternative writ to be made peremptory, we apprehend no great difficulty to be encountered by the board in certifying the correct amount of the salary to which the plaintiff is entitled as a teacher, pursuant to the salary schedules adopted by the board, excluding any additional salary which for a time he may have received as director.

Whether the board has authority in good faith to abolish such special departments as industrial education at Oshkosh, music and art at Milwaukee, home economics at Stevens Point, abolish all teacher positions in those departments, and incidentally let out all teachers employed in those departments, is a question which is not here on this appeal, which involves a motion to quash a petition which asserts, in effect, that the department of industrial education was altered in name only, since all of the work theretofore done is still being

done and the work once done by the plaintiff is now being done by other teachers.

We have given careful consideration to the other contentions of the board. To discuss them would, in our opinion, unnecessarily prolong this opinion and serve no useful purpose in view of the conclusions already expressed.

*By the Court.*—Order affirmed.