STATE EX REL. TRACY and others, Appellants, vs. LEVITAN,
State Treasurer, Respondent.

*April 27—May 17, 1938.*

*Joseph A. Padway* of Milwaukee, for the appellants.

For the respondent there was a brief by the *Attorney General* and *L. E. Vaudreuil,* deputy attorney general, and oral argument by *Mr. Vaudreuil.*

A brief was also filed by *Olin & Butler* and *C. G. Mathys,* all of Madison, as *amici curiæ.*

FAIRCHILD, J. In October, 1933, the relators received notices of discharge from Robert K. Henry, who was then state treasurer and director of the state inspection bureau. In February of 1934 a petition for writ of *mandamus* to compel their reinstatement was filed in the circuit court for Dane county. A motion to quash was denied, and that order was affirmed by this court in *State ex rel. Tracy v. Henry* (1935), 217 Wis. 46, 258 N. W. 180. On March 1, 1935, after investigation, the state treasurer again notified petitioner Haegele that he was discharged; this discharge to take effect at midnight, March 9, 1935. The treasurer assigned several causes, and advised Haegele of his right to file an explanation with the bureau of personnel and with the state treasurer. Similar notices were sent at about the same time to the other relators.

Haegele did not reply to this letter, and the categorical denial of the charges, sent to the bureau of personnel by Haegele's attorney after the date of discharge, cannot cure the failure of Haegele to reply within the time allowed by the discharging officer. It appears from the briefs of counsel that each of the relators received pay up to the effective date of this discharge. Steps taken by the state treasurer resulted in payment of salary without the petitioners being allowed to perform the duties of their offices during the period from November, 1933, to the date of this discharge; other inspectors having been appointed.

These facts raise the following questions: (1) Was the attempted discharge in 1935 such a dismissal as is contemplated under the statutes relating to removal of employees under the provisions of the civil-service law, secs. 16.01 to 16.30, Stats.? (2) Was the remedy of *mandamus* available to Haegele after his failure to make answer to the charges contained in the notice of discharge?

(1) When the state treasurer realized that the attempted discharge in October, 1933, was not valid because he had not

followed the procedure outlined by statute, he sent to each of the petitioners, in February and March, 1935, a notice of discharge in which, as the statute required, he set forth certain failures and delinquencies. If the facts as stated by the state treasurer were true, no reason consistent with the good of the service can be advanced for preventing the discharge. The appellants argue that the second notices were of no effect because the treasurer had not yet restored the petitioners to the physical possession of their offices. They insist that the status of an illegally removed person differs from that of a legally employed person. The confusion of status with certain rights pertaining to status becomes apparent upon slight consideration of the proposition involved. Merely to say that physical possession of their offices would be of advantage to the appellants in the later proceedings to discharge them does not answer the question as to whether the discharge complied with the statute. If the cause for discharge did not exist, this could be as readily shown by one not in physical possession of his position as by one who was still performing the duties of his office. As the attorney general has suggested in his brief, it would be unreasonable to suppose that one who is about to be discharged for a serious offense, for example, embezzlement, must be allowed to continue in office until the effective date of the discharge notice. We agree with his argument that the civil-service law does not make any such requirement.

The *status* of an accused person is that of an employee until the effective date of the discharge. While he continues in that status he may answer the charges, thus securing a hearing before he loses the economic security which is guaranteed by the civil-service law. The fact that someone else is discharging his duties in the meantime does not affect his status, although it may be of importance in determining who must reimburse the state in case two salaries are paid. See sec. 16.27, Stats., and *Clausen v. Fond du Lac County*

(1919), 168 Wis. 432, 170 N. W. 287. This court has already determined upon similar facts that such a discharge is effective. *State ex rel. Nelson v. Henry* (1936), 221 Wis. 127, 266 N. W. 227. We conclude that the return of the state treasurer states facts sufficient to constitute an answer to the petition, and that the circuit court properly overruled the demurrer.

(2) On March 1, 1935, reason appeared to exist for the discharge of Haegele. A statement of the charges was presented to him with the request that he make an explanation, as provided in sec. 16.24, Stats. We agree with the argument of the attorney general that the state treasurer was bound to assume, in the absence of a timely reply, that Haegele had admitted the truth of the accusations. Sec. 16.24 provides a legal remedy for an accused civil-service employee. The statutes of 1933, which were in effect at the time of Haegele's discharge, provided that the answer must be filed prior to the effective date of the notice. Haegele's failure to reply was a waiver of this legal remedy. Having failed to exhaust his remedy at law, he had no right to resort to *mandamus* proceedings. We conclude that the circuit court was right in dismissing his petition.

*By the Court.*—Order and judgment affirmed.