KOELING, Appellant, vs. CITY OF MILWAUKEE and another, Respondents.

*May 15—June 10, 1947.*

For the appellant there was a brief by *Niven & Mullaney* of Milwaukee, and oral argument by *John M. Niven*.

For the respondents there was a brief by *Walter J. Mattison*, city attorney, and *Richard F. Maruszewski*, assistant city attorney, and oral argument by *Mr. Maruszewski*.

FRITZ, J.    The following facts alleged in Koeling's petition are deemed admitted upon the hearing pursuant to respondents' motion to quash.    About twenty-two years prior to February 6, 1946, Koeling had been appointed superintendent of the automotive equipment of the city of Milwaukee, and since then served under the rules made by the city's civil-service commission made under secs. 16.46 to 16.76, Stats.  Koeling's appointment, his tenure in service, and his resignation as a civil-service employee of the city were all subject to the provisions in those statutes, and the rules made by the city's civil-service commission, under sec. 16.51, Stats.    The rule thus made by the commission on the subject of resignations is sec. 4, Rule X, which reads:

"The resignation of an officer or employee from a position in the classified service shall be filed with the commission by the head of the department receiving and accepting the same. The commission shall prescribe the forms of such resignation. The commission may permit the withdrawal of a resignation at any time within ten days after the filing of the same."

Under and in accordance with this rule Koeling, on February 6, 1946, presented his written resignation to the re-

spondent, Walter M. Swietlik, as the city's commissioner of public works and the head of that department of the city. The resignation reads:

"Mr. Walter M. Swietlik
"Commissioner of Public Works
"Department of Public Works
". . . I hereby tender you my resignation as automotive equipment superintendent on account of ailing and physical condition, to take effect at the close of business on March 15, 1946.
                              "OTTO C. KOELING. . . ."

Upon Swietlik's receiving, accepting, and approving in writing this resignation, he duly filed it with the civil-service commission on February 8, 1946. The latter was duly notified on February 11, 1946, by the deputy commissioner of public works that due to Koeling's resignation, his position as such superintendent would become vacant on March 15, 1946, and it was necessary to fill the position immediately. Thereupon the necessary official steps were taken for the granting of leave to the department of public works to fill the vacancy, and it requested the civil-service commission to certify for appointment a list of eligible men for the vacancy. On March 15, 1946, thirty-four days after the resignation was filed, Koeling orally requested leave to withdraw it and to be reinstated, and subsequently formally in writing demanded such reinstatement by the commissioner. The respondents refused to recognize that demand. Upon the above-stated facts the court denied Koeling's petition for a writ of mandamus to compel reinstatement by respondents to Koeling; and consequently ordered the alternative writ quashed.

The meaning and intent of the plain and simple terms used in sec. 4 of Rule X are clear, unequivocal, and unmistakable, and the rule was in force and binding upon Koeling when he filed his written resignation on February 6, 1946, with Swietlik, as the commissioner at the head of the department of public

works, and when he, upon receiving and accepting the resignation as contemplated under the provisions in sec. 4, filed the resignation on February 8, 1946, with the civil-service commission. All of those acts on the part of Swietlik acting officially, as likewise the above-stated acts on the part of Koeling, were duly performed in the manner prescribed and in accordance with the regulations stated in sec. 4. And to constitute a permissible and effective withdrawal of the resignation there likewise would have to be compliance by Koeling and by the civil-service commission with the provision in that rule that the latter "may permit such withdrawal at any time within ten days after the filing of the same." As it was only in this manner and within the specified period of ten days that such withdrawal was authorized under the civil-service rules, Koeling, by reason of his failure to act accordingly within said· period,—which expired on February 18, 1946,—was thereafter precluded, *ipso facto,* from subsequently withdrawing his resignation. By the terms stated by him in his resignation,—which had been duly approved, accepted, and filed by Swietlik with the civil-service commission on February 8, 1946,—Koeling's employment and civil-service tenure were effectively terminated voluntarily by him on March 15, 1946. By reason of his proffered resignation and Swietlik's acceptance thereof, on behalf of the city, without any withdrawal of his offer by Koeling within the permissible ten-day period, he became, at the expiration thereof, effectively bound by his resignation and was no longer an employee of the city. Consequently his attempted withdrawal thereof subsequently was without effect, and in fact a nullity. *Shade v. Board of Trustees,* 21 Cal. App. (2d) 725, 70 Pac. (2d) 490, 491; *Rogers v. Carleton,* 188 Okla. 470, 110 Pac. (2d) 908; *Saunders v. O'Bannon,* 27 Ky. L. Rep. 1166, 87 S. W. 1105; L. R. A. 1917 F, 547; 16 L. R. A. (N. S.) 1059.

There are material differences between the facts herein and the facts in *State ex rel. Mellen v. Teachers' A. & R. F. Trustees,* 185 Wis. 653, 201 N. W. 383. Under the facts in that

case there was no similar question as to the right of an employee to withdraw his resignation after it had been duly accepted by the appointing officer. But the case can be considered in point in so far as this court held that when the resigning school teacher made a new proffer, specifying another day as the effective date of her resignation, and the appointing school board agreed on that date,—which thereupon constituted its acceptance of the newly proffered resignation,—there was a valid and binding contract between them on the subject of the termination of the relationship, so far as the rights of the parties under the resignation were concerned.

*By the Court.*—Order affirmed.