Dear Representative Russell:
This is in response to your request for an opinion which reads as follows:
 "(1) Do certified teachers who are now employed in various administrative and supervisory positions other than in positions of principal and assistant principal and who have achieved tenure status in the district prior to and at the time of assuming the administrative or supervisory position retain his or her status as a tenure teacher with the school district:
 "(a) While employed in the administrative or supervisory position at the present time; and
 "(b) after the teacher leaves the administrative or supervisory position and returns to teaching;
 "(c) if the teacher resigns or is removed from such nonteaching position.
 "(2) If a permanent teacher of a six director school district accepts a non-teaching supervisory, administrative or curriculum consultant position with the school district, other than as principal or assistant principal, does he or she retain the right to continued employment with the school district as a permanent teacher if he or she thereafter resigns from or is removed from such non-teaching positions?"
You indicate that the various administrative and supervisory positions in which certified teachers are employed include assistant superintendent, business director, assistant to the superintendent and activities director. These positions involve non-teaching duties, but each person holding such position was, prior to accepting the supervisory position, a permanent teacher as defined in Section 168.104(4), RSMo 1978.
Further, you indicate that a second class of persons exists who are designated curriculum consultants and department chair-persons. These persons teach a portion of each day and perform administrative duties the remaining portion of each day. Each of these consultants and chairpersons achieved tenure prior to becoming a consultant or chairperson. For purposes of this opinion, we shall divide the administrative personnel described into two separate categories — those whose functions include primarily teaching duties and those whose positions are entirely administrative.
Section 168.104(4), RSMo, defines "permanent teacher" and establishes the requirements for the achievement of tenure by Missouri teachers.
 "`Permanent teacher', any teacher who has been employed or who is hereafter employed as a teacher in the same school district for five successive years and who has continued or who thereafter continues to be employed as a full-time teacher by the school district; except that, when a permanent teacher resigns or is permanently separated from employment by a school district, and is afterwards reemployed by the same school district, reemployment for the first school year does not constitute an indefinite contract but if he is employed for the succeeding year, the employment constitutes an indefinite contract. Any permanent teacher who is promoted with his consent to a position of principal or assistant principal, or is first employed by a district as a principal or assistant principal, shall not have permanent status in such position but shall retain tenure in the position previously held within the district, or, after serving two years as principal or assistant principal, shall have tenure as a permanent teacher of that system;"
Further, Section 168.104(7), RSMo, defines "teacher" as:
 "`Teacher', any employee of a school district, except a metropolitan school district, regularly required to be certified under laws relating to the certification of teachers, except superintendents, assistant superintendents, and any other persons regularly performing supervisory functions as their primary duty."
Thus, with regard to persons who become curriculum coordinators or departmental chairpersons, the statute is clear. As long as they are not ". . . regularly performing supervisory functions as their primary duty," they remain "teachers" (Section 168.104(7), RSMo) and retain tenure as "permanent teachers."
Common sense dictates this result. If we were to allow boards of education to promote teachers to positions of curriculum coordinator or departmental chairperson where their duties remain primarily teaching, and as a result of the promotions remove the protection these teachers tenure affords, we would sanction a circumvention of the desirable policies which prompted the passage of the Teacher Tenure Act. The Supreme Court of Wisconsin recognized this danger in State ex rel. Karnes v. Board of Regents ofNormal Schools, 269 N.W. 284 (Wisc. 1936), when it held:
 "If we should hold that the board may assign a permanent teacher to a certain named position in which his principal occupation is that of teaching, and then by subsequent action abolish the position, . . . and thereby effect his discharge, then indeed would [the Wisconsin Teacher Tenure Act] be emasculated and permanent teachers in the system would hereafter have to be wary of the names and titles given to their respective teaching positions. . . ." Id. at 288.
It is, therefore, our opinion that permanent teachers who accept curriculum consultant or department chairperson positions and whose primary duties remain teaching, retain their tenure while they hold the curriculum consultant or departmental chairperson position.
With regard to teachers who accept supervisory positions, the statute is clear that a person whose primary functions are supervisory is not a teacher (Section 168.104(7)). It follows that one who is not a teacher cannot be a permanent teacher. Thus, a permanent teacher loses tenure when he accepts a supervisory position, and is without protection of the tenure statute as long as he remains in that supervisory position.
The answer to your final question, whether a person who is removed or resigns from a supervisory position retains tenure, is more difficultly reached. Section 168.104(4), contains a tenure-saving provision by which a permanent teacher whose service to the district as a permanent teacher is interrupted can regain tenure.
 ". . . except that, when a permanent teacher resigns or is permanently separated from employment by a school district, and is afterwards reemployed by the same school district, reemployment for the first school year does not constitute an indefinite contract but if he is employed for the succeeding year, the employment constitutes an indefinite contract. . . ."
On its face, the statute is ambiguous; the verb "resigns" is without an object. Since the section in question addresses employment "as a teacher," it is our opinion that the proper object for the verb "resigns" is "as a teacher." As we interpret it, the statute should read, "except that, when a permanent teacher resigns as a teacher. . ." Thus, in order to come under the tenure-saving provisions of § 108.104(4), a permanent teacher must resign from teaching.
Webster's New World Dictionary defines "resign" as follows: "2. to give up (an office, position, etc.). . . ." In applying this definition to the facts you supplied, it is our opinion that when a permanent teacher, under an indefinite contract with a board of education, accepts that board of education's offer to leave teaching and assume a nonteaching, supervisory role, he has constructively resigned from his position as a permanent teacher by his acceptance of the board of education's offer. See Riekev. Hogan, 32 N.E.2d 9, 10 (Ohio 1941).
We believe that our interpretation is in accord with the purposes of the Teacher Tenure Act[1] and the canons of statutory construction formulated by Missouri courts[2].
Thus, because the supervisor has resigned from his permanent teaching position, the tenure-saving provisions of Section168.104(4), are applicable; if he returns to teaching in the same district, his first year's contract is not indefinite, but if he is reemployed for a second, consecutive year, the contract is indefinite and he has regained tenure.
CONCLUSION
It is therefore, our opinion, that permanent teachers promoted to positions of curriculum coordinator or departmental chairperson retain their tenure as permanent teachers while they hold the curriculum consultant or departmental chairperson positions, as long as their primary duties remain teaching. It is further our opinion that permanent teachers promoted to positions which are supervisory in nature lose their tenure while employed in the supervisory position and may regain their tenure only after they are reemployed as teachers in the same school district for two consecutive years.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Edward D. Robertson, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Lopez v. Vance, 509 S.W.2d 197, 202 (Mo.Ct.App. at St.L. 1974), stated the purpose of the Teacher Tenure Act as follows: ". . . We believe the purpose of our statute, as well as teacher tenure acts, was to attain stability, certainty and permanence of employment on the part of those who have shown by educational attainment and by a probationary period their fitness for the important profession of teaching. `The history behind the act justifies the view that the vicissitudes to which teachers had in the past been subjected were to be done away with or at least minimized. It was enacted for the benefit and advantage of theschool system by providing such machinery as would tend to minimize the part that malice, political, or partisan trends, or caprice might play. It established merit as the essential basis for the right of permanent employment.' [citations omitted]." [Emphasis the court's.]
[2] The rules of statutory construction formulated by the courts of this state require that the goal of construction of a statute is to determine the intent of the legislature, Person v.Scullin Steel Co., 523 S.W.2d 801 (Mo. banc 1975) and State exrel. Zoological Park Subdistrict of City and Co. of St. Louis v.Jordan, 521 S.W.2d 369 (Mo. 1975); that statute must be construed as a whole, State ex rel. Safety Ambulance Service, Inc. v.Kinder, 557 S.W.2d 242 (Mo. banc 1977) and State ex rel. Fee FeeTrunk Sewer, Inc. v. Public Service Commission of Missouri,522 S.W.2d 67 (Mo.Ct.App. at K.C. 1975); that where ambiguities exist, the statute must be given a liberal construction which avoids an absurd result, Chapman v. Sanders, 528 S.W.2d 462
(Mo.Ct.App. at St.L. 1975) and State ex rel. Safety AmbulanceService, Inc. v. Kinder, supra; and that unless contrary definitions are included in the statute, words will be given their ordinary meaning, St. Louis Southwestern Railway Co. v. Loeb,318 S.W.2d 246 (Mo. banc 1958) and Bethel v. Sunlight JanitorService, 551 S.W.2d 616 (Mo. banc 1977).